# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION



| | |
|---|---|
| DAVID STEVEN BRAUN, | CV 13-36-BU-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| U.S. GOVERNMENT, | |
| Defendant. | |

Pro se Plaintiff David Braun brings this action against the United States Government alleging a long, barely comprehensible history of wrongdoing by a number of unspecified actors. Braun claims he has approached the military and National Security Administration ("NSA") for help with the "consistent problems" he and his family have faced "[o]ver the past 44 years." (Doc. 1, at 1.). He asks the Court to clarify whether he is still under the supervision of the Department of Justice, grant him a concealed weapons permit, and "brief [him] on how a search warrant would be served" and how the "first 72 hours off [*sic*] any detention or incarceration would be handled." (Doc. 1, at 1). Braun seeks advice on "how to interface with" law enforcement officers and how to contact an "operations center" if necessary. (Doc. 1, at 1). He accuses unidentified hospitals of medicating him without his consent, complains about the Montana medical review board, and

1

includes vague allegations of identity theft, illegal wire taps, email, and cell phone surveillance. (Doc. 1, at 2). Ultimately, Braun asks for "a generous" but unspecified amount of monetary damages. (Doc. 1, at 3).

On November 20, 2013, the Government moved to dismiss Braun's action with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 39). Five days later, Braun filed a motion to dismiss his case without prejudice so that he can seek counsel and re-file his lawsuit sometime in the future. (Doc. 41).

Where, as here, a defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim, the court should consider the jurisdictional challenge before addressing the motion to dismiss for failure to state a claim. *See e.g. Bell v. Hood*, 327 U.S. 678, 682 (1946). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008). Nonetheless, because Braun is proceeding pro se, the Court must liberally construe the allegations in the complaint. *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Original jurisdiction must be based either on diversity of citizenship under 28 U.S.C. § 1332, or on a claim involving the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331. Every complaint filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction..." Fed. R. Civ. P. 8(a).

Braun's complaint does not comply with the requirements of Rule 8(a). The pleading is barely comprehensible, and does not contain any statement regarding the basis for subject matter jurisdiction. "[F]ailure to include a short and plain statement of the grounds upon which subject matter jurisdiction depends as required by Rule 8(a)(1) normally will result in a dismissal of the complaint on the defendant's motion under Rule 12(b)(1), unless the defect can be corrected by an amendment as of right or by leave of the district court." 5 Wright and Miller, *Federal Practice and Procedure* § 1214 (3d ed.). As a general rule, the court must give a pro se litigant notice of the deficiencies in the complaint and an opportunity to amend. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

While the Court would normally give Braun the opportunity to amend in attempt to establish subject matter jurisdiction, there is no need to do so under the

3

circumstances. As noted above, Braun has filed a motion asking the Court to dismiss his complaint without prejudice. In light of Braun's request, and because he has not alleged a basis for subject matter jurisdiction, dismissal without prejudice under Rule 12(b)(1) is appropriate. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (recognizing that a dismissal for lack of subject matter jurisdiction should ordinarily be without prejudice). Accordingly,

IT IS RECOMMENDED that Braun's motion to dismiss be GRANTED; the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) be GRANTED, and this case be dismissed without prejudice.

DATED this 26th day of November, 2013.

Jeremiah C. Lynch
United States Magistrate Judge